Matthew J. GALLO, et al., Plaintiffs,

v.

AMOCO CORPORATION,
et al., Defendants.

No. 94 C 5916.

United States District Court,
N.D. Illinois,
Eastern Division.

March 28, 1996.

Miriam N. Geraghty, James R. Potter, Jesse Andrew Wing (Kinoy, Taren, Geraghty & Potter), for plaintiff.

Wilber H. Boies, Nancy G. Ross (McDermott, Will & Emery), for defendant.

## MEMORANDUM OPINION
## AND ORDER

SHADUR, Senior District Judge.

Plaintiff class members, having prevailed on the merits of this ERISA-based action (see 910 F.Supp. 396 (N.D.Ill.1995)), now seek to follow up on that victory by obtaining a fee-plus-expenses award under 29 U.S.C. § 1132(g)(1) against losing defendants Amoco Corporation ("Amoco") and the Employee Retirement Plan of Amoco Corporation and Participating Companies ("Plan"). Because the parties have stipulated as to the amount of fees and expenses that are to be awarded if plaintiffs succeed in that effort (the sum of $174,565.18), the only issue for decision here is whether fees and expenses should or should not be awarded—a discretionary determination under the statute.

As most recently explained in *Anderson v. Flexel, Inc.*, 47 F.3d 243, 250–51 (7th Cir.1995), our Court of Appeals has from time to time utilized two different approaches in determining whether a district court's exercise of that discretion in an ERISA case was appropriate. One of those alternatives is a five-factor test set out in *Davidson v. Canteen Corp.*, 957 F.2d 1404, 1409–10 (7th Cir.1992) among other cases. And the other alternative, as articulated over a decade ago in *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 830 (7th Cir.1984), "creates a modest presumption ... in favor of awarding reasonable attorney's fees to the winning party" and looks to whether "the loser's position, while rejected by the court, had a solid basis—more than merely not frivolous, but less than meritorious." But *Anderson* among other recent decisions has made it plain that those alternative roads lead to the same destination (47 F.3d at 251, citing cases):

> Since then we have stated that the "bottom-line question" under either approach "is essentially the same: was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?"

This Court's December 8, 1995 memorandum opinion and order (which is now on appeal by Amoco and Plan) did say a number of unkind things about the position advanced by defendants—indeed, it found them to have violated the generous "arbitrary and capricious" standard applied to determinations of the type at issue in the litigation. But it cannot be gainsaid that the question tendered for decision by this Court was pretty much one of first impression and that no element of harassment of the plaintiff class members was involved.

Although the fee-award question may be viewed as a close one (as a matter of common language usage, the concepts of "substantially justified and taken in good faith" and of a "party [being] simply out to harass its opponent" are not ordinarily thought of as exhausting the universe—there would appear to be some no-man's land between those alternatives), this Court concludes that a fee award is inappropriate in this case. Juxtaposing the two quoted phrases, as our Court of Appeals has done in *Anderson*, strongly suggests that "good faith" is to be taken in the subjective rather than the objective sense (that is, as the opposite of "bad faith" in terms of motive or intent). And the legal position that was asserted by Amoco and Plan certainly comes closer to meeting that standard than to its being characterized as one of mere harassment.

Accordingly plaintiffs' motion for an award of attorneys' fees and expenses under 29 U.S.C. § 1132(g)(1) is denied. Plaintiffs' further motion for an award of fees to be paid out of the class recovery is granted, but any quantification of the amount of that fee (including the question whether it is to be based on a percentage of the recovery) is held in abeyance pending the resolution of the appeal.